No. 70,239

In the Matter of JAMES L. WISLER, Respondent.

(866 P.2d 1049)

Opinion filed January 21, 1994.

*Martha M. Snyder,* deputy disciplinary administrator, argued the cause, and *Bruce E. Miller,* disciplinary administrator, and *Stanton A. Hazlett,* deputy disciplinary administrator, were with her on the formal complaint for petitioner.

*Edward L. Bailey,* of Cosgrove, Webb & Oman, of Topeka, argued the cause for respondent, and *James L. Wisler,* respondent, appeared pro se.

*Per Curiam:* This is an original proceeding in discipline filed by the Office of the Disciplinary Administrator against James L. Wisler, an attorney admitted to the practice of law in Kansas. At the time of the events which led to the complaint, respondent Wisler was a sole practitioner in Mound City, Kansas.

The facts were stipulated to by respondent and the Office of the Disciplinary Administrator and will be summarized here. Respondent was retained January 29, 1988, by agents of Amoco Oil Company (Amoco) to pursue a collection matter in the amount of $1,918.87 against Steve Dunn, an employee of the Burlington Coat Factory. Collection efforts by respondent proceeded at an acceptable rate for some time thereafter. Suit was filed by respondent against Dunn in January 1989, and a judgment by agreement was obtained February 22, 1989. At that time, Dunn agreed to make payments of $100 per month on the judgment. Upon receipt of the first payment in February 1989, respondent promptly remitted Amoco's portion of that amount to Amoco's representative.

Thereafter, Dunn only made sporadic payments, and respondent failed to remit them to Amoco or to keep his client informed despite repeated inquiries. Respondent failed to respond to numerous requests for status reports. In April 1990, respondent collected the entire balance due on the account in the amount of $1,840.87 and deposited the same in his trust account. Although respondent filed a satisfaction of judgment on April 12, 1990, he failed to remit the client's portion of the collection in

the amount of $1,478.69. On September 4, 1990, respondent advised the client that he had collected only $400 and remitted the client's portion of that amount.

After attorneys for Amoco had verified through Dunn that the account had been paid in full in April 1990, respondent finally remitted the balance due on April 23, 1992. Between May 1989 and April 1992, respondent repeatedly refused to answer correspondence and telephone inquiries from the client. When he did reply, respondent misled the client and failed to advise the client of the true status of the account. Between April 1990, when respondent collected the account in full, and April 1992, when he finally remitted the amount due to the client, respondent's trust account balance fell below $1,478 on numerous occasions. During the same general period of time, respondent's entire trust account showed a negative balance on at least six occasions and respondent wrote at least eight insufficient fund checks on the account.

During the time period covered by the Amoco complaint, respondent had several personal and emotional problems and was addicted to the use of alcohol.

Based upon the stipulated facts, the hearing panel found, by clear and convincing evidence, violations of the Model Rules of Professional Conduct as follows:

"(a) MRPC 1.3 [1993 Kan. Ct. R. Annot. 263] in that the respondent failed to act with reasonable diligence and promptness in representing a client.

"(b) MRPC 1.4(a) [1993 Kan. Ct. R. Annot. 267] in that the respondent failed to keep a client reasonably informed about the status of a legal matter and failed to promptly comply with reasonable requests for information.

"(c) MRPC 1.5(d) [1993 Kan. Ct. R. Annot. 270] in that the respondent upon the conclusion of a contingent fee [matter] did not provide the client with a written statement stating the outcome of the matter and a statement showing the client's share and amount and the method of determination and the respondent further failed to advise the client of its right to have the fee reviewed as provided in MRPC 1.5(e).

"(d) MRPC 1.15(a) [1993 Kan. Ct. R. Annot. 299] in that the respondent failed to keep complete records of a client's account funds and failed to deliver other client funds to which the client was entitled.

"(e) MRPC 4.1(a) [1993 Kan. Ct. R. Annot. 327] in that the respondent in the course of representing a client made false statement of material facts or failed to disclose material facts to the client.

"(f) MRPC 8.4(c) [1993 Kan. Ct. R. Annot. 347] in that the respondent engaged in conduct involving deceit or misrepresentation."

The hearing panel received evidence as to the appropriate sanctions to be imposed for the violations: In its report the panel states:

"The panel then heard evidence of mitigating and/or aggravating circumstances and the panel heard as witnesses in relation to mitigation the following witnesses:

"1) Dr. James Lemon, psychologist and counselor who has been treating and counselling with respondent concerning his problems and his admitted alcoholism.

"2) Frank M. Rice, a practicing attorney in Topeka, Kansas, and a member of the Schroer Rice firm of Topeka, Kansas.

"3) The respondent himself, James L. Wisler.

"The panel also admitted into evidence respondent's exhibits 1, 2 and 3.

"The panel considered in mitigation and aggravation and in determining its recommendation of discipline the following:

"(A) Absence of any prior disciplinary record for the respondent.

"(B) Personal or emotional problems which contributed to the violation of the Code of Professional Responsibility as stated further hereinafter.

"(C) Timely good faith effort to make restitution and the panel found that the respondent had paid all sums due to the client prior to the filing of the complaint.

. . . .

"(E) The panel further took into consideration in mitigating circumstances the attitude of the respondent, James L. Wisler, as shown by his cooperation with the disciplinary board and his cooperation during the hearing and the respondent's free and full acknowledgement of his transgressions.

"(F) The panel further found in mitigation for the respondent that he fully admits that he has an alcoholic problem and that he is an alcoholic. That he has voluntarily admitted himself to a thirty day alcoholic education program and that since that time he has counseled with Dr. James Lemon and has been a very active member of AA.

"(G) The panel further finds in mitigation that Dr. Lemon has testified that in his opinion the respondent is making a recovery from his alcoholic dependency and has and is demonstrating a meaningful sustained period of successful rehabilitation.

"Dr. Lemon further testified that he believes that the respondent should receive counseling for another year regarding his alcoholic dependency.

"The panel also took into consideration in mitigation of the respondent's action the fact that at the time of the transgressions he was a single practitioner in Linn County, Kansas, and was having severe family problems as well as his alcoholic problems.

"The panel finds that since the transgressions the respondent has ceased to practice law by himself in Linn County, Kansas, and is now an associate

with the law firm of Schroer Rice in Topeka, Kansas. Mr. Frank M. Rice, member of that law firm testified on behalf of the respondent and stated that he had worked for the firm as an associate since October of 1992, and in Frank Rice's opinion respondent was a very efficient and dedicated attorney. Mr. Rice further testified that he had informed the respondent that if respondent took one more drink that his association with the Schroer Rice firm was finished and Mr. Rice further testified that he did not believe that the respondent had had anything to drink since associating with that firm and in his opinion had a meaningful recovery from his dependency on alcohol.

"Mr. Rice further testified he was basically supervising the legal work of the respondent."

The panel report then recommended that respondent be suspended from the practice of law for one year but that the imposition of such discipline be suspended and respondent placed upon probation for one year. After a full review of the record, the members of this court agree generally with the findings, conclusions, and recommendations of the hearing panel of the Kansas Board for Discipline of Attorneys. The court further finds that respondent should be placed on probation and that any further discipline be held in abeyance pending compliance with the orders hereinafter set forth.

IT IS THEREFORE ORDERED that James L. Wisler be and he is hereby found to be in violation of the Model Rules of Professional Conduct as hereinbefore set forth.

IT IS FURTHER ORDERED that James L. Wisler be and he is hereby placed upon probation for the term of one year from the date hereof and until the further order of the court on the following terms and conditions:

A. Respondent shall continue counseling for his alcoholism with appropriate counselors.

B. Respondent shall continue active participation in and as a member of Alcoholics Anonymous.

C. Respondent shall abstain from the consumption of alcoholic beverages.

D. Respondent's legal work and efforts shall be under the direct supervision of his employers, and any change in respondent's employment shall be promptly reported to the Disciplinary Administrator.

E. There shall be submitted to the Disciplinary Administrator on a quarterly basis progress reports on respondent's status by the counselor providing professional alcoholism and mental health counseling, respondent's sponsor at Alcoholics Anonymous, and respondent's employers.

F. Respondent shall comply with such additional terms and conditions of probation as may be imposed from time to time by the Disciplinary Administrator.

IT IS FURTHER ORDERED that upon the failure of respondent to comply with all provisions of probation this court may, upon notice to respondent, proceed to impose such further discipline as it deems proper, without the necessity of further proceedings before the Kansas Board for Discipline of Attorneys or this court.

IT IS FURTHER ORDERED THAT the costs of this proceeding be assessed to respondent and that this order be published in the official Kansas Reports.